AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*March 21, 2025*
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luis Ernesto, Yanez Membrano | ) | Case No. **4:25-mj-0167** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 21st, 2025  in the county of  Brazoria  in the Southern District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b)(2) | a native and citizen of Honduras, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as an Aggravated felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Daniel I, Chagoya, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 03/21/2025

*Judge's signature*

City and state:  Houston, Texas    Richard W. Bennett United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Daniel I, Chagoya, being duly sworn telephonically, hereby depose and say:

(1) I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 9, 2008. My law enforcement career began September 18, 2005, as a Customs and Border Protection Officer. I held this position until transferring to Immigration and Customs Enforcement as a Deportation Officer. I currently have over 18 years of immigration law enforcement experience.

(2) On March 21st, 2025, at 6:00 a.m. Luis Ernesto, Yanez-Membrano ("Defendant") was detained by ICE.

(3) The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4) Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b)(2).

(5) <u>Element One</u>: The Defendant is a citizen and national of Honduras and not a native, citizen or national of the United States.

(6) <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasions:

1. Removed 02/13/2018
2. Removed 04/22/2013

(7) <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on March 21, 2025, in Pearland, TX, which is in within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On March 21, 2025, LESC advised me that it had no record on such an encounter.

(8)     Element Four:  The Defendant did not have permission to reenter the United States. On March 21st, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)     Prior Criminal History.  The Defendant has the following prior criminal history:

a. On February 18, 2016, the Defendant was convicted in the 149th District Court in Brazoria County, TX for the offense of sexual assault of a child. For this the Defendant was sentenced to serve 4 years of confinement.
b. On June 7, 2010, the Defendant was convicted in the County Court at Law#3 in Brazoria, TX for the offense of disorderly conduct.
c. On April 23, 2009, the Defendant was convicted in the County Court at Law#4 in Brazoria, TX for the offense of disorderly conduct.

(10)    On March 21, 2025th, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Colin W. Hotard (713) 252-0577 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b)(2).

_____
Daniel I. Chagoya, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on this 21st day of March 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas